# Benson *v.* Altoona & Logan Valley Electric Railway Company, Appellant.

*Negligence—Street railways—Vacating judgments—Fraud—New evidence.*

A rule to show cause why a judgment entered on the verdict of a jury in an action for personal injuries should not be set aside for the reason that it had been procured by fraud, perjury and deceit, is properly discharged where the depositions taken under the rule reveal the fact that the defendant's own witnesses entertained opinions inconsistent with its contention, and depositions taken on the plaintiff's part contradict the averments of defendant's petition, and the alleged new evidence offered is practically the same that was submitted to the jury.

Argued April 20, 1911. Appeal, No. 74, Jan. T., 1911, by defendant, from decree of C. P. Blair Co., Oct. T., 1909, No. 305, refusing to vacate judgment in case of Forrest W. Benson v. Altoona & Logan Valley Electric Railway Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why judgment should not be vacated.

The facts appear in the following opinion of BALDRIGE, P. J., dismissing the rule:

Plaintiff instituted suit against the defendant to recover damages alleged to have been sustained by him by reason of the negligence of the defendant company. A verdict was recovered by the plaintiff in the sum of $3,200. A motion for a new trial was made to the trial judge, which was overruled. Thereafter an appeal was taken to the Supreme Court of this state. The Supreme Court overruled all the assignments of error and affirmed the judgment entered on the verdict.

A petition was presented to this court, setting forth that at the trial of the cause the plaintiff and his witnesses testified that he was permanently paralyzed, incapacitated

and disabled from doing or performing any work, which was false and fraudulent, as the alleged paralysis was not due to the result of the injury sustained to his head at the time of the alleged accident, but by reason of a disease which the plaintiff acquired prior to the accident, and in no way connected therewith; that since the affirmance of the judgment by the Supreme Court the plaintiff has entirely recovered from his paralysis; that he is able to use his right arm, hand and leg as well as he did prior to the accident.

At the time this case was tried the defense was that the plaintiff was suffering from paralysis by reason of a disease he had acquired prior to the accident. The trial judge in his charge to the jury instructed them that if the plaintiff was suffering from the disease as contended for by the defendant there could be no recovery whatever. The verdict of the jury, under the instructions from the court, showed conclusively that in their judgment the paralysis of the plaintiff was due to the accident, resulting from the defendant's negligence.

The depositions taken under the rule granted to show cause why this judgment should not be vacated reveal the fact that the defendant's own witnesses entertain the opinion that the plaintiff has not fully recovered, and that he will continue to be more or less affected by reason of the paralysis, and the depositions taken upon the part of the plaintiff are to the effect that there is no improvement whatever in the physical or mental condition of this plaintiff.

If this judgment was vacated and a new trial granted, the same facts would be in dispute as at the first trial, and there has been no uncontradicted testimony submitted to us that would justify us in acceding to this extraordinary request to grant a new trial after the affirmance of the judgment by the Supreme Court. The alleged new evidence set up by the defendant now is practically the same evidence that was submitted to the jury.

Judge DEAN, in the case of Gazzam v. Reading, 202 Pa.

231, speaking for the Supreme Court, says that equity will rarely open or set aside a judgment at law. The equity of the complainant must be free from doubt.

Under these circumstances, we are of the opinion that we are not justified in vacating the judgment and granting a new trial.

The rule granted at the request of the defendant is, therefore, discharged.

*Error assigned* was in making the above order.

*Thos. H. Greevy*, with him *E. G. Brotherlin*, for appellant.

*J. Banks Kurtz*, for appellee.

PER CURIAM, May 23, 1911:

Shortly after this court had affirmed the judgment obtained by the appellee in the court below the appellant made application to that court to vacate it for the alleged reason that it had been procured by the fraud, perjury and deceit of the appellee. The relief sought was extraordinary, and it was denied because in the opinion of the court below the appellant had not made out a case calling for it. We have not been persuaded that this was error. The reasons for discharging the rule to show cause why the judgment should not be vacated and a new trial awarded are set forth in the court's opinion denying appellant's petition. In it we concur, and on it the appeal is dismissed at appellant's costs.